■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY SPRUILL, Appellant. [771 NYS2d 703]—Appeal by the defendant, as limited by his brief, from an amended sentence of

the Supreme Court, Kings County (Feldman, J.), imposed February 14, 2002, revoking a sentence of probation previously imposed by the same court, upon a finding that he violated a condition thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of use of a child in a sexual performance, on the ground that the amended sentence is excessive.

Ordered that the amended sentence is affirmed.

The defendant pleaded guilty to the crime of use of a child in a sexual performance and was sentenced to six months imprisonment and five years probation with the condition that he participate in a counseling program. He did not successfully complete such a program. Further, while on probation, he was arrested and, after trial, was convicted of the crimes of endangering the welfare of a child and attempted sexual abuse in the first degree. In that case, he was sentenced to a term of two to four years. Based on his conviction, the Supreme Court found him to be in violation of the terms of his probation and imposed an amended sentence of five to fifteen years imprisonment, to run consecutively to the sentence imposed in the other case.

Contrary to the defendant's contention, the amended sentence is not disproportionate to the offense. In addition to these two convictions, the defendant was previously convicted of a sexual offense involving a child. In light of the defendant's recidivism, his unwillingness to address his problem, the nature of the offense, and the need to protect children from his conduct, the amended sentence is not excessive (see Penal Law § 1.05 [5], [6]; *People v Suitte,* 90 AD2d 80 [1982]). Altman, J.P., Krausman, Adams and Townes, JJ., concur.